IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH STANLEY TROTTER, IV,       Plaintiff, | § § § | |
| v. | § § | No. 3:24-cv-01723-X (BT) |
| STELLANTIS FINANCIAL SERVICES INC., et al.,       Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph Stanley Trotter, IV seeks leave to proceed *in forma pauperis* in this *pro se* civil action. For the reasons stated, the Court should deny Trotter's motion for leave to proceed *in forma pauperis* (ECF No. 5) and dismiss his case without prejudice unless he pays the $405.00 filing fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

**Legal Standards and Analysis**

A federal district court may authorize a person to bring a civil action *in forma pauperis* (IFP)—that is, without the prepayment of fees—when the person submits an affidavit establishing they are unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for those plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine

whether the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Further, courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden,* 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

In this case, Trotter filed a financial affidavit in support of his request to proceed IFP stating that his average monthly income from employment during the past 12 months was $5,800 and that he does not expect any major changes to his income in the next 12 months. ECF No. 5 at 1, 5. He lists his mother, 16-year-old son, and 18-year-old son as individuals who rely on him for support. *Id.* at 3. He claims $5,982 in monthly expenses, claiming that he spends, among other things, $200 a month for clothing, laundry, and dry-cleaning, $300 a month for transportation, $100 a month for recreation, $200 a month for credit card expenses, and $2,082 a month for alimony, maintenance, and support paid to others. *Id.* at 4. He states that he is "extremely leveraged" and "can't afford any additional expenses." *Id.* at 5.

Based on this information, Trotter has failed to show that payment of the $405 filing fee would cause him undue financial hardship. For the twelve months

preceding the filing of the IFP application, Trotter's self-reported monthly income was $5,800, which nets a yearly income of $69,600. Even assuming that his mother and sons are dependents, his income is well above the federal poverty guideline for a household of four. *See* Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2961 (Jan. 17, 2024) (setting an annual income of $31,200 as the poverty threshold for a household of four in the forty-eight contiguous states and the District of Columbia). Additionally, some of Trotter's monthly expenses appear, without explanation, to be discretionary or excessive. ECF No. 5 at 4 (listing monthly expenses of $200 for clothing, laundry, and dry-cleaning, $300 for transportation, $100 for recreation, and $200 for credit card expenses); *see, e.g.*, *Dobbins v. Kroger Co.*, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, among other things, certain expenses "appear[ed] excessive without further detailed explanations"); *Cantrell v. Hollander*, 2013 WL 12129250 (N.D. Tex. Nov. 15, 2013), *rec. accepted* 2013 WL 12129251 (N.D. Tex. Dec. 18, 2013) (treating expenses for clothing and recreation as discretionary); *Hobbs v. Stanley*, 2022 WL 1510936, at *1 (W.D. Tex. Apr. 14, 2022) (treating expenses for clothing and transportation as discretionary); *Raymond v. Invest Props., LLC*, 2021 WL 726429, at *2 (W.D. Tex. Jan. 25, 2021) (same); *Ramsey v. NFI Indus.*, 2022 WL 707234, at *1 (N.D. Tex. Feb. 18, 2022), *rec. accepted* 2022 WL 705965 (N.D. Tex. Mar. 9, 2022) (treating recreation and credit card expenses as discretionary).

## Recommendation

The Court should DENY Trotter's motion for leave to proceed *in forma pauperis* (ECF No. 5) and dismiss his case without prejudice unless he pays the $405.00 filing fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

SO RECOMMENDED July 22, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).